**CHANG BIN LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 03–4805–ag.**

United States Court of Appeals, Second Circuit.

June 20, 2007.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Gang Zhou, New York, NY, for Petitioner.

Eric F. Melgren, United States Attorney for the District of Kansas, Leon Patton, Assistant United States Attorney, Kansas City, KS, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Chang Bin Lin, a native and citizen of China, seeks review of an April 2, 2003 order of the BIA affirming the October 13, 1998 decision of Immigration Judge ("IJ") Douglas Shoppert denying petitioner's application for asylum and withholding of deportation. *In Re Chang Bin Lin,* No.

A70 890 751 (B.I.A. Apr. 2, 2003), *aff'g* No. A70 890 751 (Immig. Ct. N.Y. City Oct. 13, 1998). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, the IJ's adverse credibility finding was supported by substantial evidence. Lin failed to mention his wife's alleged forced abortion in his initial asylum application, which was based on persecution under the family planning policy. It was reasonable for the IJ to question Lin's veracity on that basis. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006). That is so even though at the time Lin's application was filed, in 1993, he would not have automatically been eligible for asylum based on his wife's forced abortion. *Id.* Lin argues that the IJ erroneously relied on the omission without first soliciting an explanation for it. However, the agency may rely on a glaring inconsistency without first soliciting an explanation from the applicant. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Lin's failure to mention the abortion in an asy-

lum application that alleged problems under the family planning policy was a sufficiently dramatic omission.

The IJ also reasonably relied on inconsistencies regarding Lin's date of birth in various documents that Lin proffered as having been issued by the Chinese government. The conflicting information raised questions regarding Lin's identity.

Lin presses other objections that we need not evaluate because even if we agreed with Lin, remand would not be required because we could confidently predict that the IJ would have reached the same conclusion anyway. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006). We therefore conclude that the IJ's adverse credibility determination was supported by substantial evidence and is sufficient to defeat his application for asylum. Since the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Lin argues that the BIA erred in failing to consider the previously unavailable evidence that he submitted with his brief. However, the regulations specifically state that the BIA has only appellate authority and is restricted from considering evidence that is not previously included in the record. *See* 8 C.F.R. § 1003.1(d)(1), (d)(3)(i). As the government notes, the filing of a motion to reopen would have been the proper means by which to have the BIA consider new evidence. *See* 8 C.F.R. § 1003.2(c).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).